3379 Peachtree Road, N.E.
Suite 555
Atlanta, Georgia 30326



Main Office
12 Jackson Street
Newnan, Georgia 30263

Phone: 404-487-0184
Fax: 404-439-1190

**LAW OFFICE OF
JOHNNY PHILLIPS, P.C.**

December 6, 2021

**VIA CERTIFIED MAIL**
McLain & Merritt PC
3445 Peachtree Rd. NE Suite 500
Atlanta, GA 30326

RE:   Client Name: Priscilla Hurtado
      Claim No.:    Unknown
      Incident Date: 09/02/2019
      Your Insured: Walmart Store 5735

As you are aware, this office represents the interests of Priscilla Hurtado for injuries and damages he/she sustained on September 02, 2019, when Ms. Hurtado sustained injuries at Walmart Store 5735, located at 5010 Steiner Way, Grovetown, GA 30813. Our client's resulting injuries were proximately the result of the negligence of Walmart.

Please accept the following correspondence as our client's demand for settlement and compromise of her/his claim for damages arising from the incident. We make this good faith effort to resolve this matter in accordance with the principals codified in O.C.G.A. §24-3-37. Therefore, while the following information should assist you in evaluating this claim nothing contained herein shall constitute an admission by our client nor be admissible against his at any hearing or trial.

## I.   LIABILITY AND DESCRIPTION OF INCIDENT

On September 02, 2019, Priscilla Hurtado, was at Walmart when she was attempting to get waters off a shelf, due to the cases of water being improperly stacked and having torn packaging, bottles of water fell on Ms. Hurtado's head. At this time, Defendant Walmart, by and through its employees and representatives were also present in the immediate area of Ms. Hurtado's incident and should have remedied the faulty packaging and negligently stacked cases of water and/or put Walmart customers and invitees on notice of the hazard.

Ultimately, Walmart, **negligently and with actual and/or constructive knowledge of a hazard failed to take any reasonable measures to remove the hazard from the area to ensure the safety of its customers, patrons and invitees, negligently failed to warn of a hazardous condition, negligently failed to remove a hazardous condition and negligently failed to**

EXHIBIT A

**inspect and keep the premise safe.** See *Alterman Foods, Inc. v. Ligon*, 246 Ga. 620, 272 S.E.2d 327 (1980). *Robinson v. Kroger Co.*, 268 Ga. 735, 493 S.E.2d 403 (1997).

Pursuant to Georgia law, constructive knowledge can be established "in one of two ways: by evidence that an employee was in the immediate area of the hazard and could easily have discovered and removed it, or by showing that the owner did not use reasonable care in inspecting the premises." Deloach v. Food Lion, 228 Ga. App. 393, 394, 491 S.E.2d 845 (1997). The Court of Appeals has held that a plaintiff can establish constructive knowledge by offering evidence tending to show that an employee of a defendant was in the immediate area of the hazardous condition and could have easily seen the substance and remove the hazard. Williams v. Kroger Co., Inc., 240 Ga. App. 428, 429, 523 S.E. 2d 655 (1999).

Walmart's lack of care, failure to follow the common law rules of keeping the premises safe, and its failure to follow its own policies and procedures to inspect and keep a department clean as an employee works, caused this incident and the injuries to our client. We believe that a jury would clearly understand that your insured's negligence was the sole cause of this incident and the injuries to Priscilla Hurtado.

## II.   LEGAL DAMAGES

Ms. Hurtado sought treatment at Doctors Hospital Augusta. The attending physician performed a thorough examination and patient history assessing that client suffered **contusion/injury of head.** The attending ER physician prescribed medications, x-rays and to follow up if pain persisted.

She then sought treatment at Georgialina Physical Therapy. Following a thorough examination and patient history, the physician assessed that she suffered **cervical pain, concussion, headaches, lumbar pain** as a direct result of the fall. The physician prescribed therapy and injections.

As a result of Walmart negligence, Priscilla Hurtado suffered injuries and incurred past medical expenses and lost wages in excess of **$23,041.84**, itemized as follows:

| Provider: | Dates of Service: | Amount: |
|---|---|---|
| 1. Doctors Hospital of Augusta | 09/02/2019-09/03/2019 | $5,165.84 |
| 2. Georgialina Physical Therapy | 09/10/2019-01/23/2020 | $7,142.00 |
| 3. Transitions of Augusta | 01/22/2020-04/13/2020 | $4,350.00 |
| 4. Advanced Chiropractic Center | 06/10/2020-09/02/2020 | $669.00 |
| 5. Topple Diagnostic Services | 11/13/2020 | $5,715.00 |

EXHIBIT A

## III.   SETTLEMENT PROPOSAL

Based upon Walmart's negligence in which caused the incident, Priscilla Hurtado suffered injuries, due to the severity of her symptoms, and due to the effect, this incident and injuries have tolled upon Ms. Hurtado, our client has authorized a settlement of her personal injury claims in this matter for $150,000.00. We therefore, are willing to provide a **Full and Final Release** in exchange for payment of the $150,000.00.

We have supplied you with information to evaluate this demand.  This letter relates to settlement discussions, and nothing contained herein shall be deemed admissible except to enforce a claim for bad faith failure to properly adjust this claim. This demand for settlement shall remain open for forty-five (45) days from the date of this demand. Should you have any questions or concerns, please feel free to contact my office.

Sincerely,

Johnny G. Phillips, Esq.

JGP:hlh