EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
02/03/2021
CT Log Number 538997221

TO:     Kim Lundy Service Of Process
        Walmart Inc.
        702 SW 8TH ST
        BENTONVILLE, AR 72716-6209

RE:     **Process Served in Georgia**

FOR:    Wal-Mart Stores East, LP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Hurtado Priscilla, Pltf. vs. Walmart Stores East LP, etc., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Entry(s), Summons, Complaint, Certificate(s), First Interrogatories, First Request(s) |
| **COURT/AGENCY:** | Forsyth County - State Court, GA Case # 20SC1653A |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 09/02/2019 - 5010 Steiner Way, Grovetown |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company (FL), Cumming, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/03/2021 at 12:54 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Johnny Phillips Law Office of Johnny Phillips, PC 12 Jackson Street Newnan, GA 30263 404-487-0184 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/04/2021, Expected Purge Date: 02/09/2021 |
| | Image SOP |
| | Email Notification,  Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company (FL) 112 North Main Street Cumming, GA 30040 877-564-7529 MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

SHERIFF'S ENTRY OF SERVICE

**EXHIBIT B**

Civil Action No. _20 SC-1653-A_

Date Filed _____

| | |
|---|---|
| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☐ | Probate Court ☐ |
| Juvenile Court ☐ | |

Georgia, _____ COUNTY

_____

Attorney's Address

_____ Plaintiff

VS.

Name and Address of Party to be Served.

_____ Defendant

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐
I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐
Served the defendant ___CCr poration Company___ a corporation by leaving a copy of the within action and summons with ___pam Mehatta___ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐
Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This __3__ day of __Feb__, 20 __21__.

_____ DEPUTY

SHERIFF DOCKET_____ PAGE _____

WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

EXHIBIT B

# STATE COURT OF FORSYTH COUNTY
# STATE OF GEORGIA

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**20SC-1653-A**

Judge Leslie Abernathy-Maddox
DEC 28, 2020 05:26 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

CIVIL ACTION NUMBER  20SC-1653-A

Hurtado, Priscilla

_____

**PLAINTIFF**

                                              **VS.**

Walmart Stores East LP, DBA Walmart
Supercenter #5735
XYZ Corporation

_____

**DEFENDANTS**

## SUMMONS

TO: WALMART STORES EAST LP

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Johnny Phillips**
> **Law Office of Johnny Phillips**
> **12 Jackson ST**
> **NEWNAN, Georgia 30263**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If this action pertains to a Protective Order, the Answer is to be filed and served on or before the scheduled hearing date attached. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 28th day of December, 2020.**

                         Clerk of State Court

                         _____
                         Greg G. Allen, Clerk
                         Forsyth County, Georgia

**EXHIBIT B**

🍎 EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**20SC-1653-A**
Judge Leslie Abernathy-Maddox
DEC 28, 2020 05:26 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| PRISCILLA HURTADO, | |
| Plaintiff, | CIVIL ACTION |
| vs. | FILE NO.: |
| WALMART STORES EAST LP d/b/a WALMART SUPERCENTER #5735, JOHN DOE & XYZ CORPORATION | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW PRISCILLA HURTADO, Plaintiff in the above styled action and files this Complaint for Damages and shows the Court as follows:

1.

Defendant WALMART STORES EAST, LP d/b/a WALMART SUPERCENTER #5735 (hereinafter, "Walmart") is a foreign limited partnership existing under the laws of Delaware, whose principal office address is 708 SW 8th ST Bentonville, AR 72716, who, at all times relevant to this action, owned and/or operated the premises upon which PRISCILLA HURTADO (hereinafter, "Plaintiff") sustained the injuries which form the basis of this action, and maintained an office and place of doing business in Columbia County, GA, located at 5010 Steiner Way, Grovetown, and is subject to the jurisdiction of this Court as a joint tortfeasor. Defendant Walmart may be served through its registered agent, The Corporation Company, at 112 North Main Street, Cumming, GA 30040. Venue is proper.

2.

Defendant XYZ Corporation (hereinafter, "XYZ Corporation") occupied the position of the unknown vendor of the premises where the subject incident occurred, and at all times relevant to this action, was acting within the scope of employment for defendant Walmart on the

1

EXHIBIT B

premises where Plaintiff sustained the injuries which form the basis of this action and whose acts and/or omissions are believed to have contributed to Plaintiff's claims for damages and is subject to the jurisdiction and venue of this Court.

3.

Defendant JOHN DOE, (hereinafter, "Doe") is an unidentified individual who, at all times relevant to this action, was acting within the scope of employment for Defendant Walmart and/or XYZ Corporation on the premises where Plaintiff sustained the injuries which form the basis of this action and whose acts and/or omissions contributed to Plaintiffs damages and is subject to the jurisdiction and venue of this Court.

## **BACKGROUND**

4.

On or about September 2, 2019, Plaintiff was upon the premises of Walmart Supercenter #5735 (hereinafter, "the store") located at 5010 Steiner Way, Grovetown, a business owned and/or operated by Defendant Walmart and/or XYZ Corporation, as an invitee.

5.

Plaintiff, through no failure to exercise reasonable care for her own safety, was injured as a result of negligently stacked and/or improperly stored products, upon information and belief, water bottles.

6.

There were no warning signs in the area where the negligently stacked and/or improperly stored products were present, and Plaintiff's incident occurred.

7.

Defendant Walmart and/or XYZ Corporation had exclusive ownership, possession and control over the store at all times relevant to this action.

8.

As a result of Plaintiff's incident, she suffered bodily injury.

## COUNT I
## PREMISES LIABILITY

9.

Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 8 above as if fully stated herein.

10.

Plaintiff was an invitee on the store premises at the time of the incident.

11.

Defendant Walmart and/or XYZ Corporation owed a nondelegable duty of reasonable care in keeping the store premises safe for invitees such as Plaintiff.

12.

Plaintiff did not know and could not reasonably have learned of the danger posed by the negligently stacked and/or improperly stored products without proper notice or warning.

13.

Defendant Walmart and/or XYZ Corporation had actual and/or constructive knowledge of the existence of the hazard, knew or should have known that the presence of the negligently stacked and/or improperly stored products posed a danger to invitees on the store premises, and should have notified or warned invitees about this hazard.

14.

Defendant Walmart and/or XYZ Corporation was negligent in failing to properly inspect the area where the incident occurred, in failing to remedy the presence of the negligently stacked and/or improperly stored products, in failing to take adequate measures to protect invitees, and in failing to keep the premises safe for invitees.

## COUNT II
## LIABILITY OF DEFENDANT XYZ CORPORATION
## AND JOHN DOE

15.

Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 14 above as if fully stated herein.

16.

At all times relevant to this action, Defendant XYZ Corporation and Defendant Doe had a duty to reasonably inspect, organize and maintain the area where Plaintiff's incident occurred.

17.

Defendant XYZ Corporation and Defendant Doe negligently failed to inspect, organize and maintain the area where Plaintiff's incident occurred and negligently failed to take reasonable measures to ensure the safety of invitees on the premises and warn invitees such as Plaintiff of the presence of negligently stacked and/or improperly stored products at issue.

## COUNT III
## VICARIOUS LIABILITY

18.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

4

**EXHIBIT B**

19.

At all times relevant to this action, Defendant XYZ Corporation, Defendant Doe, and other individuals responsible for inspecting, organizing, and maintaining the area where the Plaintiff's incident occurred were employed by Defendant Walmart and were acting within the scope of their employment.

20.

Defendant Walmart and/or XYZ Corporation is responsible for the conduct of these individuals under the doctrine of Respondeat Superior, agency or apparent agency.

## COUNT IV
## NEGLIGENT HIRING, TRAINING & SUPERVISION

21.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

22.

Defendants were negligent in failing to adopt appropriate policies and procedures to make sure that invitees receive appropriate notice or warning of hazardous conditions on the store premises and in failing to train their employees concerning safety procedures for maintaining the store premises.

23.

Defendants were negligent in hiring, training and supervising their staff.

24.

As a direct and proximate result of the individual and joint negligence of Defendants, Plaintiff suffered bodily injuries, lost wages, and medical expenses, in an amount TBD.

| Provider: | Dates of Service: | Amount: |
|---|---|---|
| 1. Advanced Chiropractic & Wellness Center | TBD | |
| 2. Doctors Hospital of Augusta | TBD | |
| 3. Dwight Eisenhower Army Medical Center | TBD | |
| 4. Georgialina Physical Therapy- Grovetown | TBD | |
| 5. Transitions of Augusta -psych | TBD | |

25.

As a direct and proximate result of the Defendants' negligence, Plaintiff is entitled to an award of special damages for medical expenses and lost wages in an amount to be shown at trial, and general damages in an amount to be determined by this court against the Defendants, all in an amount TBD.

WHEREFORE, Plaintiff prays as follows:

a) That process be issued, and the Defendants be served with process as provided by law;

b) That Plaintiff have a trial by jury on all issues so triable;

c) That Plaintiff have a verdict and judgment against the Defendants to compensate Plaintiff for all special, general, compensatory and consequential damages in an amount proven at trial to be adequate and just;

d) That all costs be cast against the Defendants; and

e) That this Court grant such other and further relief as it deems appropriate.

Respectfully submitted this 28th day of December, 2020.

EXHIBIT B

/s/ Christopher N. Reilly
Johnny G. Phillips
Georgia State Bar No. 382150
Christopher N. Reilly
Georgia State Bar No. 163424
Attorney for Plaintiff

**Law Office of Johnny Phillips, PC**
12 Jackson Street
Newnan, Georgia 30263
P: (404) 487-0184
F: (404) 439-1190
Johnny@johnnyphillipslaw.com
Chris@johnnyphillipslaw.com

7

EXHIBIT B

⚜ EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**20SC-1653-A**

Judge Leslie Abernathy-Maddox
DEC 28, 2020 05:26 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

PRISCILLA HURTADO,

   Plaintiff,

vs.

WALMART STORES EAST LP d/b/a
WALMART SUPERCENTER #5735,
JOHN DOE & XYZ CORPORATION,

   Defendant.

CIVIL ACTION

FILE NO.:

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

  I HEREBY CERTIFY that I have served a copy of Plaintiff's First Interrogatories, Request to Produce Documents and Request for Admissions to Defendant **Walmart Stores East, LP** upon all parties in this matter by including a true and correct copy of same which is to be served contemporaneously with the complaint and summons by a Deputy of the Sheriff's Office or other proper Process Server, as approved by the Georgia Civil Practice Act, who is to effectuate service at the following address:

     Walmart Stores East, LP
     RA: The Corporation Company
     112 North Main Street
     Cumming,GA 30040

  Respectfully submitted this 28th day of December, 2020.

       */s/ Christopher N. Reilly*
       Christopher N Reilly
       State Bar No. 163424
       Attorney for Plaintiff

**LAW OFFICE OF JOHNNY PHILLIPS, PC**
12 Jackson Street
Newnan, Georgia 30263
*Phone* (404) 487-0184 | *Fax* (404) 439-1190
chris@johnnyphillipslaw.com

## IN THE STATE COURT OF FORSYTH COUNTY

### STATE OF GEORGIA

PRISCILLA HURTADO,

      Plaintiff,

vs.

WALMART STORES EAST LP d/b/a
WALMART SUPERCENTER #5735,
JOHN DOE & XYZ CORPORATION,

      Defendant.

CIVIL ACTION

FILE NO.:

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT WALMART STORES EAST, LP d/b/a WALMART SUPERCENTER #5735

COMES NOW, Plaintiff in the above styled action and hereby requires that Defendant WALMART STORES EAST, LP d/b/a WALMART SUPERCENTER #5735 (hereinafter, "Walmart") answer under oath and in writing the following interrogatories within forty-five (45) days from the date of service, i.e. the time provided for response pursuant to O.C.G.A. § 9-11-33, and that a copy of the answers be furnished to the Plaintiff's attorney, Law Offices of Johnny Phillips, Attn: Christopher N Reilly, 12 Jackson Street, Newnan, Georgia 30263.

### I. INSTRUCTIONS

**NOTE A:** When used in these interrogatories, the phrase "Defendant", "individual in question", "you" or any synonym thereof are intended to and shall embrace and include, in addition to Defendant Walmart individually, its attorneys, agents, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of Defendant Walmart.

**NOTE B:** Throughout these interrogatories, wherever Defendant Walmart is requested to identify a communication of any type and such communication was oral, the following information should be furnished with regard to each such communication:

(a) By whom it was made, and to whom;

(b) The date upon which it was made;

(c) Who else was present when it was made;

(d) Whether it was recorded or described in any writing of any type and, if so, identification of each such writing in the manner indicated in Note C below.

**NOTE C:** Throughout these interrogatories, wherever Defendant Walmart is requested to identify a communication, letter, document, memorandum, report or record of any type and such communication was written, the following information should be furnished:

(a) A specific description of its nature (e.g., whether it is a letter, a memorandum, etc.);

(b) By whom it was made and to whom it was addressed;

(c) The date it was made; and

(d) The name and address of the present custodian of the writing or, if not known, the name and address of the present custodian of a copy thereof.

**NOTE D:** Throughout these interrogatories, wherever Defendant Walmart is requested to identify a person, the following information should be furnished:

(a) The person's full name;

(b) His or her present home and business address and telephone number at each address;

(c) His or her occupation; and

(d) His or her place of employment.

EXHIBIT B

**NOTE E:**     These interrogatories shall be deemed continuing to the extent required by law.  You are required to (1) seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters as well as the identity of each person expected to be called as a witness at trial, the subject matter on which he or she is expected to testify and the substance of his or her testimony; (2) amend any prior response if you subsequently learn that the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance a knowing concealment; and (3) provide such other supplementary responses required by law.

## II. INTERROGATORIES

1.

State the full name, address, title and position of the person answering these interrogatories and, if different, state the full name, address, employer, title and position of the person verifying the answer to these interrogatories, as well as the full name, address or last known address, employer, title and position of each person consulted by the person preparing your answers to these interrogatories.

2.

State the name and address of any person, including any party, who, to your knowledge, information or belief was an eyewitness to the incident complained of in this action; has some knowledge of any fact or circumstance upon which your defense is based; and has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of Plaintiff PRISCILLA HURTADO.

3.

State the full name, address or last known address, employer, title and position of each person not named in response to Interrogatory No. 2 who was present or claims to have been present at the scene immediately before or immediately after Plaintiff's incident.

4.

To your knowledge, information or belief, has any person identified in your answer to Interrogatory No. 2 and/or 3 given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

5.

Please identify each and every witness or employee who, at the time of the incident, was in the vicinity of the area of the where the subject incident occurred in the Walmart Supercenter #5735, located at 5010 Steiner Way Grovetown, GA 30813 and owned by Defendant Walmart (hereinafter, "the store") where Plaintiff's incident occurred. In regard to each such employee, please state the individual's name, address, telephone number, shift worked, and job duties.

6.

State whether there is or was in existence any policy of liability insurance that would or might inure to the benefit of Plaintiff, by providing for payment of a part or all of any judgment rendered in favor of Plaintiff against the Defendants by reason of the incident described in the complaint, and if the answer is in the affirmative, state as to each such policy of insurance known or believed to exist by you the name and address of the insurer on each such policy; the name and address of each named insured on each such policy; the relationship, if any, between each named insured on each such policy and the defendant; the policy number of each such policy; the name

and address of any person who may be an additional insured under such policy by reason of the incident described in the complaint, and the relationship, if any, between such additional insured and the defendants in this case; and the limits of liability in such policy as might be applied to Plaintiff by reason of any one accident.

7.

Please identify any entity or person with any financial interest, lease or ownership interest in the premises on which Plaintiff's incident occurred on or about September 2, 2019.

8.

State whether you, your attorneys, or agents thereof have any statement, or any notes or memoranda of any statements, from any witness or person who claims to have witnessed or has knowledge or claims to have knowledge of Plaintiff's incident, including any statement made by Plaintiff.

9.

State whether any movies, videotapes or other photographs or other recordings were taken of Plaintiff or of the scene of the incident at any time prior, during or subsequent to the time of Plaintiff's incident.  If so, state the date of each such movie, videotape, photograph or recording; the name, address or last known address, employer, title and position of each person who took or had control over each such movie, videotape, photograph or recording; and the name, address or last known address, employer, title and position of each person having possession of each such movie, videotape, photograph or other recording or any negative thereof.

10.

Has any other personal injury or slip and fall accident occurred in the store, either during the five (5) years preceding Plaintiff's incident, or any time during or after the date of Plaintiff's

incident?  If so, for each such accident or personal injury, state the date and time it occurred; a brief description of how it occurred; the name, or other means of identification and address of each person involved in each such occurrence; the location at which it occurred; and any remedial actions taken by Defendant Walmart subsequent to each occurrence.

11.

At the time of Plaintiff's incident, did Defendant Walmart have any procedures in place, written or unwritten, formal or informal, for the inspection, cleaning and maintenance of the premises complained of, specifically the subject department of the store?  If so, state the name, address, employer and position of each person having custody of each such written procedures. For all such procedures, whether written or oral, describe the manner in which they were communicated, the names and addresses or last known addresses of all persons to whom they were communicated; and the name, address, employer, title and position of each person who had knowledge of said procedures prior to the time of Plaintiff's incident.

12.

Was Defendant Walmart or any of its representatives notified orally, in writing, or otherwise of Plaintiff's incident?  If so, state whether Defendant Walmart was informed of the fall by someone other than an employee of said Defendant, and if so, state the name, address or last known address, employer, title and position and phone number of each person who informed Defendant Walmart and the date on which the information was received.  Additionally, state whether there is or was any record of the receipt of such information, and if so, state the name, address or last known address, employer, title and position of each such person and agency in possession of such records, and the title or other identification or description of the content of such record.

13.

State whether Defendant Walmart made any changes in its procedures for the inspection, organization and maintenance of its premises subsequent to Plaintiff's incident.  If so, state in detail what changes were made.

14.

Please identify (in accordance with Instruction Note D) each person working on the premises with any duties for the area where this incident occurred on September 2, 2019.

15.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance?  If so, please explain.

16.

Do you contend that Plaintiff caused or contributed to the incident in question?  If so, state with particularity each and every contention made in this regard.

17.

If Defendant Walmart has been a party to any personal injury lawsuit (other than this suit) please describe each such suit, specifying the nature of the case, the date of each such suit, the court in which it was brought, the county and state in which the case was filed, the names of other parties to each such suit and the ultimate disposition of each such suit, whether by judgment, settlement or otherwise.

18.

Please identify each person whom you expect to call as an expert witness at trial.  State the subject matter on which such expert is expected to testify and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds of each opinion.

19.

If Defendant Walmart has retained or employed an expert in anticipation of litigation or preparation for trial and expect to call such expert as a witness at trial, please identify and state specifically the name and address of each such expert.

20.

Did Defendant Walmart or any person on said Defendant's behalf, after learning of wet, slick and/or hazardous substance take any action to remove or remedy the hazard, or to warn invitees of its presence?

21.

Please describe Plaintiff's incident, including any and all incidents and occurrences leading to Plaintiff's incident and/or wet, slick and/or hazardous substance near the area where the subject incident occurred and Defendant Walmart subsequent actions following Plaintiff's incident through and including the time when Plaintiff left the subject premises on September 2, 2019.

22.

State the name, address, employer, title and position of each person who was scheduled to work at the time of Plaintiff's incident and for each such person, state a brief description of their employment duties on said date; the employment relationship between said employee and Defendant Walmart; a description of any training said employee had in preparation for said employment upon the premises where Plaintiff's incident occurred; whether said employee witnessed Plaintiff's incident; what said employee claims to have seen or heard at the time of, during, or after Plaintiff's incident; and whether said employee gave a statement, either oral or written, to Defendant Walmart or any representative of said defendant regarding Plaintiff's incident.

23.

Describe all records that were made or kept which reflect the inspection, cleaning and maintenance of the premises complained of and in particular the subject area of the store, and for each such record, state the title or other identification of each such record, a description of the content of each such record, and the name, address or last known address, employer, title and position of each person having custody of such records.

24.

Please state in detail any policies and procedures concerning the inspection, organization or maintenance of the area where the subject incident occurred.

25.

Please state what action(s), performance and/or maintenance was required to correct and/or repair the area complained of.

26.

Please state the number of times the area of Plaintiff's incident was inspected prior to the Plaintiff's incident on or about September 2, 2019.

27.

State when the last time the area of Plaintiff's incident was inspected prior to Plaintiff's incident and identify (in accordance with Instruction Note D) who conducted such inspection.

28.

Have there ever been any complaints made about the area where this incident occurred? If so, please state the date(s) of each complaint, the person(s) making each complaint, the nature of each complaint, and any action taken as a result of each complaint.

29.

Were there any contracts or agreements with other individuals or entities regarding the maintenance, inspection or security of the property where the Plaintiffs incident occurred as described in the complaint?  If so, state the identity of the contracting parties, the address and telephone number of the contracting parties, and the duties of the contracting parties.

30.

Please describe any inspection procedures utilized in regard to the area where this incident occurred.

31.

Please state whether Defendant Walmart, as named in the Plaintiff's Complaint, is the correct party to defend this action, and identify (in accordance with Instruction Note D) any and all proper parties to defend this action.

32.

If Defendant Walmart or anyone acting on its behalf has knowledge of Plaintiff's incident, please describe Plaintiff's incident, including all actions taken by Defendant Walmart relevant to the area complained of for one hour before and after the Plaintiff's incident.

Respectfully submitted this 4th day of January, 2021.

/s/ Christopher N Reilly
Christopher N Reilly
Georgia State Bar No. 163424
Attorney for Plaintiff

**Law Office of Johnny Phillips, PC**
12 Jackson Street

EXHIBIT B

Newnan, Georgia 30263
P: (404) 487-0184
F: (404) 439-1190
chris@johnnyphillipslaw.com

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

PRISCILLA HURTADO,

       Plaintiff,

vs.

WALMART STORES EAST LP d/b/a
WALMART SUPERCENTER #5735,
JOHN DOE & XYZ CORPORATION,

      Defendant.

CIVIL ACTION

FILE NO.:

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT WALMART STORES EAST, LP d/b/a WALMART SUPERCENTER
## #5735

COMES NOW, Plaintiff in the above-styled civil action, and files this Request for

Production of Documents to Defendant WALMART STORES EAST, LP d/b/a WALMART

SUPERCENTER #5735 (hereinafter, "Walmart") pursuant to O.C.G.A. Section 9-11-34.

Defendant is required to comply with said Code section and produce a true and correct copy of

each of the following documents to Plaintiff's attorney, Law Office of Johnny Phillips, PC, Attn:

Christopher N Reilly, 12 Jackson Street, Newnan, Georgia 30263, forty-five (45) days from the

date of service.

### I. INSTRUCTIONS

Plaintiff requests that, along with the production of documents, a written response be made

detailing the documents produced and any documents covered by these requests which Defendant

Walmart objects to producing.

**NOTE A:**    These requests are continuous and should be supplemented if additional

information is received at a later date.

**NOTE B:**    When used in these requests, the phrase "Defendant", "individual in

question", "you" or any synonym thereof are intended to and shall embrace and include, in addition

to Defendant Walmart individually, its attorneys, agents, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of said Defendant.

NOTE C:     If documents requested are not in Defendant Walmart possession, please state as follows:

(1)     name of person who has possession or knowledge of whereabouts;

(2)     business address of such;

(3)     business telephone number of such.

NOTE D:     If you claim that a privilege applies to any document sought by this request, then state the factual and legal basis for the claimed privilege and identify the document (by date, author, recipient, general subject matter) so that it can be described in a motion to compel.

## II. REQUESTS FOR PRODUCTION OF DOCUMENTS

1.

Please produce any and all insurance policies providing coverage for the incident complained of in Plaintiff's Complaint.

2.

Please produce any and all statements taken from any persons who witnessed or claimed to have witnessed Plaintiff's incident.

3.

Please produce any and all statements, notes or memoranda of any statements from any persons having knowledge or claiming to have knowledge of Plaintiff's incident or Plaintiff's resulting injuries.

EXHIBIT B

4.

Please produce any and all movies, videotapes or other photographs or other recordings of Plaintiff's incident and/or the scene of Plaintiff's incident, which were taken at any time prior, during or subsequent to Plaintiff's incident.

5.

Produce any e-mail, interoffice correspondence, memoranda, report, telephone log, message or other documents concerning Plaintiff.

6.

Please produce any and all documentation of any other personal injuries and slip and fall accidents at the Walmart Stores East, LP located at 5010 Steiner Way Grovetown, GA 30813 and owned by Defendant Walmart and/or XYZ Corporation (hereinafter, "the store").

7.

Please produce any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure concerning the inspection, organization or maintenance of the area where this incident occurred.

8.

Please produce any and all policy and procedure manuals given to the Defendants' employees regarding inspection, organization, and maintenance on the premises of the store.

9.

Please produce any and all documentation of Plaintiff's incident which is in Defendant Walmart possession, including, but not limited to said Defendant's first notice of Plaintiff's incident.

10.

Please produce any and all reports, whether written or otherwise recorded, made by any expert or experts who has been retained or otherwise employed by Defendant Walmart in anticipation of litigation or preparation for trial in this action.

11.

Please produce all surveillance movies, photographs, recordings or other visual documentation which have been made of Plaintiff.

12.

Please produce any and all documents reflecting any change in procedure responsive to Plaintiff's Interrogatory No. 13.

13.

Please produce all records of inspection, organization and/or maintenance of the store for 24 hours prior to and subsequent to Plaintiff's incident and all documents responsive to Plaintiff's Interrogatory Nos. 26 and 27.

14.

Please produce any daily, weekly, monthly or annual inspection reports or audits or any other inspection, organization and/or maintenance reports for the area where this incident occurred for the past five years.

15.

Please produce any documents obtained through third party requests and subpoenas.

16.

Please produce all documents identifying Defendant Walmart employees on the premises of the store for the day of the incident and the one-week periods prior to and subsequent to the

incident.

17.

Please produce any correspondence, memoranda, report, record or other documents concerning, referencing or depicting any complaints identified in response to Interrogatory No. 28.

18.

Please produce any maps, schematics, diagrams, drawings or other similar documents showing the layout of the area where the subject incident occurred.

19.

Produce any and all leases or contracts with outside contractors or agencies for performance of maintenance services in the area where Plaintiff's incident occurred.

20.

Please produce any invoices, records, proposals, work orders, maintenance records or other documents for work performed in the area where this incident occurred in the last five years.

21.

Please produce all surveillance movies, photographs, recordings or other visual documentation which have been made of the area of Plaintiff's incident on or about September 2, 2019.

22.

Please produce any and all documents, evidence of writing, or any other tangible thing which Defendant Walmart or anyone on said Defendant's behalf referred to in any form or fashion in answering or attempting to answer Plaintiff's First Interrogatories to Defendant Walmart.

Respectfully submitted this 4th day of January, 2021.

EXHIBIT B

*/s/ Christopher N Reilly*

_____

Christopher N Reilly
Georgia State Bar No. 163424
Attorney for Plaintiff

**Law Office of Johnny Phillips, PC**
12 Jackson Street
Newnan, Georgia 30263
P: (404) 487-0184
F: (404) 439-1190
chris@johnnyphillipslaw.com

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

PRISCILLA HURTADO,

       Plaintiff,

vs.

WALMART STORES EAST LP d/b/a
WALMART SUPERCENTER #5735,
JOHN DOE & XYZ CORPORATION,

       Defendant.

CIVIL ACTION

FILE NO.:

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT WALMART STORES EAST, LP d/b/a WALMART SUPERCENTER #5735

In compliance with O.C.G.A. § 9-11-36, the Defendant WALMART STORES EAST, LP d/b/a WALMART SUPERCENTER #5735 (hereinafter, "Walmart"), is required to admit the truth of the separately listed matters of fact, and the genuineness of the attached documents forty-five (45) days after service of this request. As required by statute, Defendant Walmart is required to respond to this request in writing.

Defendant Walmart is specifically reminded that the separately listed statements of facts are deemed admitted unless, within forty-five (45) days after service of this First Request for Admissions to Defendant Walmart, said Defendant serves a written answer, or objection, addressed to each fact.

This request for admissions is subject to and is deemed to include and incorporate the following definitions:

## I. DEFINITIONS

1.    As used herein, the word "document" shall mean, in addition to its common meaning, the original and all copies of any writing or record of every type and description, however produced or reproduced, including, but without limitation, correspondence, contracts, proposals,

memoranda, tapes, stenographic or handwritten notes, studies, publications, minutes, books, pamphlets, pictures, drawings, photographs, films, microfilms, voice or sound recordings, magnetic recordings, maps, reports, surveys, statistical compilations, tax returns, financial statements, accounting or other financial papers, invoices, receipts, checks, check stubs, accounts, deposit slips, ledgers, calendars, diaries, appointment books, time-keeping records, computer or electronic mail message ("e-mail"), and expense account records.

2.      The word "person" means any individual, partnership, corporation, division, firm, business or other entity.

3.      As used herein, the phrases "relating to" and "relate to" shall be construed in their broadest sense and shall mean describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, whether in whole or in part.

4.      As used herein, the phrase "refer to" and "reference" shall be construed in their broadest sense and shall mean describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, whether in whole or in part.

5.      As used herein, the word "all" shall be deemed to include and encompass the words "each," "every" and "any."

6.      With regard to the terms defined herein, all terms in the singular shall include the plural, and all terms used in the plural shall include the singular.

7.      The conjunction "and/or" shall be interpreted in every instance both conjunctively and disjunctively.

8.      As used herein, the phrase "the store" means the premises on which Plaintiff's subject

incident occurred, specifically the premises located at 5010 Steiner Way

Grovetown, GA  30813 and owned by Defendant Walmart.

## II.  ADMISSIONS

1.

On or about September 2, 2019, Defendant Walmart was on notice that  negligently stacked and/or improperly stored products were present in the store.

2.

Defendant Walmart should have warned invitees of the negligently stacked and/or improperly stored products which were present in the area where the subject incident occurred on September 2, 2019.

3.

Defendant Walmart negligently failed to warn its invitees of the hazardous condition which was present on the premises complained of in Plaintiff's Complaint.

4.

Defendant Walmart failed to properly maintain the area where Plaintiff's incident occurred so as to be safe for invitees.

5.

Defendant Walmart failed to inspect the area where Plaintiff's incident occurred for at least fifteen minutes prior to the Plaintiff's incident.

6.

An employee of Defendant Walmart caused the presence of the negligently stacked and/or improperly stored products in the area where Plaintiff's incident occurred.

7.

Defendant Walmart negligently failed to properly train its employees concerning safety procedures and inspecting, organization, and maintaining the premises.

8.

Defendant Walmart negligently failed to adopt or enforce safety policies and procedures to protect invitees from hazardous conditions such as those which caused Plaintiff's incident on September 2, 2019.

9.

On or about September 2, 2019, Plaintiff's incident was directly caused by the presence of negligently stacked and/or improperly stored products.

10.

The Plaintiff's incident was not the fault of any person not a party to this lawsuit.

11.

The Plaintiff did not contribute to causing the incident in any manner.

12.

The incident which gives rise to this suit was directly caused by the joint negligence of Defendants.

13.

The incident which gives rise to this suit was directly caused by the negligence of this Defendant.

14.

The Plaintiff sustained injuries as a direct result of the incident which occurred on or about September 2, 2019.

EXHIBIT B

15.

The Plaintiff experienced pain and suffering as a direct result of the incident which occurred on or about September 2, 2019.

16.

The Plaintiff is entitled to recover damages from Defendant Walmart for her personal injuries.

17.

The Plaintiff is entitled to recover from Defendant Walmart for her reasonable and necessary medical expenses and lost wages.

18.

The Plaintiff's medical expenses and lost wages itemized in her Complaint and served contemporaneously with these requests are reasonable and necessary.

19.

Defendant Walmart has been properly served with process in this action.

20.

Defendant Walmart is subject to the jurisdiction and venue of this court.

Respectfully submitted this 4th day of January, 2021.

*/s/ Christopher N Reilly*
Christopher N Reilly
Georgia State Bar No. 163424
Attorney for Plaintiff.

**Law Office of Johnny Phillips, PC**
12 Jackson Street
Newnan, Georgia 30263

EXHIBIT B

P: (404) 487-0184
F: (404) 439-1190
chris@johnnyphillipslaw.com

SH

ENTRY OF SERVICE

EXHIBIT B

Civil Action No. _2OSC-1653-A_

Date Filed _12/28/2020_

Attorney's Address

12 JACKSON STREET
NEWNAN, GA 30263

Name and Address of Party to be Served.

WALMART STORES EAST, LP
RA: THE CORPORATION COMPANY
112 North MAIN STREET, CUMMING, GA
30040

| | |
|---|---|
| Superior Court | ☐ |
| State Court | ☒ |
| Juvenile Court | ☐ |
| | |
| Magistrate Court | ☐ |
| Probate Court | ☐ |

Georgia, _FORSYTH_

PRISCILLA HURTADO

_____ Plaintiff

VS.

WALMART STORES EAST LP
ET AL

_____ Defendant

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**

☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**

☐ Served the defendant _Corporation Company_ a corporation by leaving a copy of the within action and summons with _Ecum Mehattey_ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _3_ day of _Feb_ , 20 _21_ .

_____ DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK    CANARY-PLAINTIFF    PINK-DEFENDANT

## FORSYTH COUNTY SHERIFF'S OFFICE

## Civil Paper - CIVIL PAPER

EXHIBIT B
*CP38047*

| Civil ID | Case ID | File/Docket # |
|---|---|---|
| **38047** | | **20SC-1653-A** |

| Officer | Location of Original Copy | Local # |
|---|---|---|
| **DEVEREAUX, L. A.** | | |

| PLAINTIFF NAME & ADDRESS | Court | |
|---|---|---|
| **HURTADO, PRISCILLA** | | |
| | Date Issued **12/28/2020** | Date Received **02/02/2021** |
| | Disposition **Active** | Disposition Date **02/02/2021** |

### VERSUS

| DEFENDANT NAME & ADDRESS | SERVE TO ADDRESS: |
|---|---|
| **WALMART STORES EAST LP C/O THE CORP COMPANY**<br>**112 N Main St**<br>**Cumming,GA 30040** | Beat: **N52**<br>District: **NRTH**    Neighbhd:<br>ReportArea: **COM1**    SubDivsn: |

| Race / Sex / DOB | SSN |
|---|---|
| Employer Information | |
| Home Phone | Work Phone |
| **Alerts** | |

DEFENDANT NAME & ADDRESS

Notes (for above Defendant)

### SERVICE NOTES

### FIRST ATTEMPT

| Successful | Date | Time | Officer | Who Served |
|---|---|---|---|---|
| ☐ Yes ☐ No | | | | |

| Where Served | Comments (include new address) |
|---|---|
| Serve To Address: | |

### SECOND ATTEMPT

| Successful | Date | Time | Officer | Who Served |
|---|---|---|---|---|
| ☐ Yes ☐ No | | | | |

| Where Served | Comments (include new address) |
|---|---|

### THIRD ATTEMPT

| Successful | Date | Time | Officer | Who Served |
|---|---|---|---|---|
| ☐ Yes ☐ No | | | | |

| Where Served | Comments (include new address) |
|---|---|

EXHIBIT B

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

20SC-1653-A

Judge Leslie Abernathy-Maddox
FEB 05, 2021 05:14 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

PRISCILLA HURTADO,                          Civil Action File No.
                                            20SC-1653-A
              Plaintiff,

v.

WALMART STORES EAST, LP
D/B/A WALMART #5735,
JOHN DOE AND XYZ CORPORATION,

              Defendants.
_____/

ANSWER OF DEFENDANT WAL-MART STORES EAST, LP

COMES NOW, Defendant WAL-MART STORES EAST, LP and makes this

Answer to Plaintiff's Complaint as follows:

FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief

can be granted.

SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by

Plaintiff's own contributory negligence and failure to exercise ordinary care.

THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the

Page -1-

premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

<u>FOURTH DEFENSE</u>

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

<u>FIFTH DEFENSE</u>

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

<u>SIXTH DEFENSE</u>

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant denies the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendant denies the allegations contained in paragraph 2 of the Plaintiff's Complaint.

EXHIBIT B

3.

Defendant denies the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

Defendant denies the allegations contained in paragraph 6 of the Plaintiff's Complaint, as stated.

7.

Defendant denies the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendant realleges and incorporates the answers contained in paragraphs 1 through 8 above as if fully stated herein.

10.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 10 of Plaintiff's Complaint, said allegation is therefore denied.

11.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.  Defendant shows that all applicable case law has been omitted.

12.

Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of the Plaintiff's Complaint.

EXHIBIT B

15.

Defendant realleges and incorporates the answers contained in paragraphs 1 through 14 above as if fully stated herein.

16.

Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complaint, as stated.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendant realleges and incorporates the answers contained in paragraphs 1 through 17 above as if fully stated herein.

19.

Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Complaint, as stated.

20.

Defendant denies the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.

Defendant realleges and incorporates the answers contained in paragraphs 1 through 20 above as if fully stated herein.

22.

Defendant denies the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24.

Defendant denies the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

EXHIBIT B

27.

Defendant denies Plaintiff's prayer for relief, including subparagraphs a), b),

c), d) and e) thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with

all costs cast upon the Plaintiff.  DEFENDANT DEMANDS TRIAL BY A JURY OF

TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

 /s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088

 /s/ Jennie Rogers
Jennie Rogers
Georgia Bar No. 612725
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF

DEFENDANT WAL-MART STORES EAST, LP has this day been filed and served

upon opposing counsel via Peachcourt.

This the <u>5th</u> day of February, 2021.


McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

EXHIBIT B

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
20SC-1653-A
Judge Leslie Abernathy-Maddox
FEB 05, 2021 05:14 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

PRISCILLA HURTADO,                          Civil Action File No.
                                            20SC-1653-A
        Plaintiff,

v.

WALMART STORES EAST, LP
D/B/A WALMART #5735,
JOHN DOE AND XYZ CORPORATION,

        Defendants.

_____/

### 12-PERSON JURY DEMAND

COMES NOW Defendant, WALMART STORES EAST, LP and demands a

trial by a jury of twelve (12) persons.

                            McLAIN & MERRITT, P.C.

                            /s/ Howard M.  Lessinger
                            Howard M. Lessinger
                            Georgia Bar No. 447088
                            Attorneys for Defendant
                            WALMART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

EXHIBIT B

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **12-PERSON JURY**

**DEMAND** has this day been filed and served upon opposing counsel via

Peachcourt E-File.

This the  5th   day of February, 2021.

McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WALMART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

EXHIBIT B

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

20SC-1653-A

Judge Leslie Abernathy-Maddox
JUL 06, 2021 12:16 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

PRISCILLA HURTADO,

        Plaintiff,

v.

WALMART STORES EAST, LP
d/b/a WALMART SUPERCENTER #5735,
JOHN DOE & XYZ CORPORATION,

        Defendants.

_____/

Civil Action File No.
20SC-1653-A

## CONSENT MOTION OF PARTIES
## TO EXTEND THE DISCOVERY PERIOD

COME NOW Plaintiff Priscilla Hurtado (hereinafter "Plaintiff") and Defendant Walmart Stores East, LP d/b/a Walmart Supercenter #5735, (hereinafter "Defendant"), and pursuant to Rule 5.1 of the Uniform Superior Court Rules, hereby move the Court to extend the discovery period through and including December 6, 2021, showing the Court as follows:

1.

This is a personal injury case that will involve multiple depositions.

2.

Plaintiff filed her Complaint on December 28, 2020 naming Walmart Stores East, LP d/b/a Walmart Supercenter #5735 as Defendant. Defendant filed its Answer on February 5, 2021. The discovery period is set to expire on August 5, 2021.

3.

The parties have not previously petitioned this Court for an extension of discovery.

EXHIBIT B

4.

Although counsel have diligently pursued discovery, the parties hereby show the Court that the parties have exchanged written discovery and Plaintiff's deposition is currently scheduled to take place on August 17, 2021. However the parties are requiring additional time to schedule the depositions of other witnesses who may have information regarding the incident giving rise to this suit.

5.

All parties consent to this motion to extend.

6.

Based on the foregoing, the parties jointly request that the time for discovery be extended up through and including December 6, 2021. The parties respectfully request that the case not appear on any pretrial calendars before then.   A proposed Order is attached for the Court's convenience.

This 6th day of July, 2021.


FILED AND CONSENTED TO BY:

*/s/ Christopher N. Reilly*
Christopher N. Reilly, Esq.
Georgia Bar No. 163424
Law Office of Johnny Phillips, PC
12 Jackson Street
Newnan, GA 30263
*Attorney for Plaintiff*


*/s/ Ernest L. Beaton, IV*
Ernest L. Beaton, IV, Esq.
Georgia Bar No. 213044
McLain & Merritt, PC
3445 Peachtree Road, N.E.
Suite 500

EXHIBIT B

Atlanta, Georgia 30326
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that on this day, I electronically filed **CONSENT MOTION OF PARTIES TO EXTEND DISCOVERY TIME PERIOD** with the Clerk of Court using the PeachCourt efile system which will automatically send email notifications of such filing to attorneys of record.

This 6th  day of July, 2021.

McLAIN & MERRITT, P.C.

*/s/ Ernest L. Beaton, IV*
Ernest L. Beaton, IV, Esq.
Georgia State Bar No. 213044
*Attorneys for Defendant*

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326-3240
(404) 266-9171
ebeaton@mmatllaw.com

EXHIBIT B

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**20SC-1653-A**

Judge Leslie Abernathy-Maddox
JUL 07, 2021 08:42 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

PRISCILLA HURTADO,                          Civil Action File No.
                                            20SC-1653-A
        Plaintiff,

v.

WALMART STORES EAST, LP
d/b/a WALMART SUPERCENTER #5735,
JOHN DOE & XYZ CORPORATION,

        Defendants.
_____/

## ORDER

Having read and considered the Consent Motion of Parties to Extend the Discovery Period, and for good cause shown, it is hereby ORDERED that the discovery period of this case be extended through and including December 6, 2021.  It is further ordered that all scheduled deadlines and filing dates are also extended and re-set accordingly.

SO ORDERED this _____ day of _____, 2021.

                                        July 7, 2021

_____
Judge, State Court of Forsyth County

CONSENTED TO BY:

/s/ Christopher N. Reilly
Christopher N. Reilly, Esq.
Georgia Bar No. 163424
Law Office of Johnny Phillips, PC
12 Jackson Street
Newnan, GA 30263
Attorney for Plaintiff


/s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV, Esq.
Georgia Bar No. 213044
McLain & Merritt, PC

3445 Peachtree Road, N.E.
Suite 500
Atlanta, Georgia 30326
*Attorney for Defendant*

EXHIBIT B

**EFILED IN OFFICE**
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**20SC-1653-A**

**Judge Leslie Abernathy-Maddox**
FEB 05, 2021 05:14 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

PRISCILLA HURTADO,                              Civil Action File No.
                                                20SC-1653-A
          Plaintiff,

v.

WALMART STORES EAST, LP
D/B/A WALMART #5735,
JOHN DOE AND XYZ CORPORATION,

          Defendants.

_____/

<u>NOTICE OF TAKING DEPOSITION</u>

YOU ARE HEREBY notified that beginning on the 5th day of May, 2021,

commencing at 11:00 a.m., at the offices of Johnny Phillips, 12 Jackson Street,

Newnan, GA, the deposition will be taken of Priscilla Hurtado. Said deposition will

be taken for purposes of discovery and all other purposes provided by law before

an officer duly authorized to administer oaths. The deposition shall continue from

day-to-day until completion.     This deposition may also be videotaped by a

videographer.

McLAIN & MERRITT, P.C.

      /s/ Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorneys for Defendant

EXHIBIT B

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

EXHIBIT B

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing NOTICE OF TAKING

DEPOSITION has this day been filed and served upon opposing counsel via

Peachcourt.

This the  5th   day of February, 2021.

McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

EXHIBIT B

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

20SC-1653-A

Judge Leslie Abernathy-Maddox
FEB 06, 2021 04:50 AM

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

PRISCILLA HURTADO,                          Civil Action File No.
                                            20SC-1653-A
            Plaintiff,

v.

WALMART STORES EAST, LP
D/B/A WALMART #5735,
JOHN DOE AND XYZ CORPORATION,

            Defendants.
_____/

## CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

DEFENDANT'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF

DEFENDANT'S INTERROGATORIES AND REQUEST FOR PRODUCTION TO PLAINTIFF

ANSWERS TO REQUEST FOR ADMISSIONS

                            McLAIN & MERRITT, P.C.

                            /s/ Howard M. Lessinger
                            Howard M. Lessinger
                            Georgia Bar No. 447088
                            Attorneys for Defendant
                            WALMART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **CERTIFICATE REGARDING DISCOVERY** has this day been filed and served upon opposing counsel via Peachcourt.

This the  5th  day of February, 2021.

McLAIN & MERRITT, P.C.

 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WALMART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

EXHIBIT B

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**20SC-1653-A**

**Judge Leslie Abernathy-Maddox**
**FEB 16, 2021 10:50 AM**

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

PRISCILLA HURTADO,                                 Civil Action File No.
                                                                  20SC-1653-A
                   Plaintiff,

v.

WAL-MART STORES EAST, LP,
D/B/A WALMART #5735,
JOHN DOE AND
XYZ CORPORATION,

                   Defendants.
_____/

AMENDED NOTICE OF TAKING REMOTE
DEPOSITION OF PRISCILLA HURTADO

YOU ARE HEREBY notified that beginning on the 13th day of May, 2021, commencing

at 10:00 a.m., the remote deposition will be taken of PRISCILLA HURTADO.  Said deposition

will be taken for purposes of discovery and all other purposes provided by law before an officer

duly authorized to administer oaths.  The deposition shall continue from day-to-day until

completion and will be taken upon oral examination pursuant to the provisions of utilizing the

secure web-based deposition option or video teleconferencing (VTC) via ZOOM services offered

by Elizabeth Gallo Court Reporting, LLC or telephonically to provide remote access for the

witness and all parties so they may each participate in the depositions remotely via the internet

and/or telephone.  The deposition will be taken before a court reporter to be provided by

Defendant, which court reporter will also participate remotely via one of the options above for

the purposes of reporting the proceeding, as well as swearing in the deponent.

All parties who wish to participate in the Web Deposition are instructed to contact the

noticing attorney at least five (5) calendar days prior to the depositions to advise that it is their

desire to appear via this remote participating means so that the necessary credentials, call-in

EXHIBIT B

numbers, testing and information, if necessary, can be provided to you prior to the proceedings.

In addition, we also reserve the right to utilize instant visual display technology such that the

court reporter's writing of the proceeding will be displayed simultaneous to their writing of same

on one's laptop, iPad, tablet or other type of display device connected to the court reporter.

McLAIN & MERRITT, P.C.


     /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

EXHIBIT B

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing AMENDED NOTICE OF

TAKING REMOTE DEPOSITION has this day been filed and served upon opposing counsel

via Peach Court E-File.

This the  16th  day of February, 2021.

McLAIN & MERRITT, P.C.


 /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorney for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

EXHIBIT B

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

20SC-1653-A

Judge Leslie Abernathy-Maddox
MAR 15, 2021 02:15 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

PRISCILLA HURTADO,                          Civil Action File No.
                                            20SC-1653-A
            Plaintiff,

v.

WALMART STORES EAST, LP
D/B/A WALMART #5735,
JOHN DOE AND XYZ CORPORATION,

            Defendants.

_____/

## CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

*       Defendant's Responses to Plaintiff's First Interrogatories; and
*       Defendant's Responses to Plaintiff's First Request for Production of Documents.

                              McLAIN & MERRITT, P.C.

                              /s/ Ernest L. Beaton, IV
                              Ernest L. Beaton, IV
                              Georgia Bar No. 231044
                              Attorneys for Defendant
                              WALMART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

EXHIBIT B

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **CERTIFICATE**

**REGARDING DISCOVERY** has this day been filed and served upon opposing

counsel via Peachcourt.

This the <u>15th</u> day of March, 2021.

McLAIN & MERRITT, P.C.


 /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorney for Defendant
WALMART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

EXHIBIT B

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**20SC-1653-A**
Judge Leslie Abernathy-Maddox
APR 15, 2021 12:52 PM

Greg G. Allen, Clerk
Forsyth County, Georgia

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

PRISCILLA HURTADO,

       Plaintiff,

vs.

WALMART STORES EAST LP d/b/a
WALMART SUPERCENTER #5735,
JOHN DOE & XYZ CORPORATION,

       Defendant.

CIVIL ACTION

FILE NO.: **20SC-1653-A**

### 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

I HEREBY CERTIFY that I have served a copy of *Plaintiff's Response to Defendant's Interrogatories and Request for Production of Documents to Plaintiff* on the Defendant by depositing same in the United States Mail with sufficient postage affixed thereon to ensure delivery at the following address:

Howard M. Lessinger, Esq.
Chip Beaton, Esq
McLain & Merritt PC
3445 Peachtree Rd. NE STE 500
Atlanta, GA 30326-1223
Attorney for: Walmart Supercenter #5735

Respectfully submitted this 15th day of April, 2021.

*/s/ Christopher N. Reilly*
CHRISTOPHER N REILLY
State Bar No. 163424
Counsel for the Plaintiff

**LAW OFFICE OF JOHNNY PHILLIPS, P.C.**
12 Jackson Street

36

EXHIBIT B

Newnan, GA 30263
Phone: (404) 487-0184
Fax: (404) 439-1190
chris@johnnyphillipslaw.com

EXHIBIT B
EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
20SC-1653-A
Judge Leslie Abernathy-Maddox
APR 16, 2021 10:29 AM

Greg G. Allen, Clerk
Forsyth County, Georgia

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

PRISCILLA HURTADO,

      Plaintiff,

vs.

WALMART STORES EAST LP d/b/a
WALMART SUPERCENTER #5735,
JOHN DOE & XYZ CORPORATION,

      Defendant.

CIVIL ACTION

FILE NO.: **20SC-1653-A**

### PLAINTIFF PRISCILLA HURTADO RESPONSE TO DEFENDANTS' FIRST REQUESTS FOR ADMISSIONS TO PLAINTIFF

COMES NOW Plaintiff, PRISCILLA HURTADO, in the above-styled action and responds to Defendant's First Request for Admission of Facts to Plaintiff as follows:

Plaintiff generally object to Defendant's First Request for Admission of Facts as stated below. These general objections shall be deemed to be interposed to each Request, irrespective of whether Plaintiff repeats such objections, unless stated otherwise. To the extent that Plaintiff has objected, Plaintiff respectfully refuses to answer the affected portion of the Request.

A.

Plaintiff objects to these Requests for Admission of Facts to the extent they seek to require Plaintiff to respond on behalf of any other person or entity.

B.

Plaintiff objects to these Requests for Admission of Facts to the extent that they seek to require Plaintiffs to provide information other than that which may be obtained through a reasonably diligent search of Defendants' or Defendants' Insurance Company's own records.

C.

EXHIBIT B

Plaintiff objects to these Requests for Admission of Facts to the extent that they require Plaintiffs to respond to questions or to identify or produce documents relating to times, events and other things outside the scope of the subject matter of the Complaint.

D.

Plaintiff objects to these Requests for Admission of Facts to the extent that they seek to require Plaintiffs to provide information or to identify any documents or other tangible things prepared or obtained in anticipation of litigation or for trial.

E.

Plaintiff objects to these Requests for Admission of Facts to the extent that they seek to require Plaintiffs to disclose privileged attorney-client communications or information otherwise protected from discovery on the grounds of privilege.

F.

Plaintiff objects generally and individually to these Requests for Admission of Facts on the grounds and to the extent that they assume facts not in evidence or are otherwise erroneous and on the further grounds that they are vague, overly broad, oppressive, unduly burdensome, not relevant to the subject matter of the litigation, and not calculated to lead to the discovery of admissible evidence and thus, declines to pursue a detailed search of its documents.

G.

Plaintiff objects to these Requests for Admission of Facts to the extent that they seek to obtain information concerning documents that are not relevant to the subject litigation.

H.

Plaintiff hereby reserves the right to adopt future objections relating to Defendants' First Request for Admission of Facts.

EXHIBIT B

I.

Plaintiff objects to these Requests for Admission of Facts to the extent that they seek to require Plaintiff to gather and summarize information contained in voluminous papers that are already a matter of record.

J.

Plaintiff objects to these Requests for Admission of Facts to the extent that they seek to require Plaintiff to provide information that is equally available to the Plaintiffs as to Defendant.

K.

Plaintiff objects to these Requests for Admission of Facts to the extent that they seek Plaintiff to respond other than in accordance with O.C.G.A. §9-11-26, O.C.G.A. §9-11-33 and O.C.G.A. §9-11-34.

L.

Plaintiff objects to the "Definitions" and "Instructions" section of Defendant's Request for Admission of Facts on grounds that the Definitions and Instructions are overly broad and unduly burdensome and as stated seek to impose upon the Plaintiffs duties beyond that provided for by the Civil Practice Act of Georgia.  Plaintiff will respond to requests as provided by the Civil Practice Act of Georgia.

M.

Plaintiff responds to Defendant's First Request for Admission of Facts by incorporating by reference as part of its response all of the "General Objections" that have been delineated above.

<span style="color:red">EXHIBIT B</span>

N.

Plaintiff reserves the right to supplement and/or amend Plaintiff's responses as information is discovered.

Subject to these General Objections, Plaintiff responds to Defendant as follows:

1.

Plaintiff will not seek, recover or collect from Defendant Wal-Mart Stores East, LP., or from any Wal-Mart entity a sum in excess of $75,000.

**RESPONSE: Plaintiff can neither admit nor deny**

2.

Any portion of a verdict against Defendant that exceeds $75,000 will be written down by the Court so that the Judgment shall not exceed the sum of $75,000.

**RESPONSE: Plaintiff can neither admit nor deny**

3.

Neither Wal-Mart Stores East, LP. nor any other Wal-Mart entity in this action shall be ordered, adjudged or called upon to pay to Plaintiff a sum in excess of $75,000.

**RESPONSE: Plaintiff can neither admit nor deny**

Respectfully submitted this 15th day of April, 2021.

EXHIBIT B

*/s/ Christopher N. Reilly*
CHRISTOPHER N REILLY
State Bar No. GA
Counsel for the Plaintiff

LAW OFFICE OF JOHNNY PHILLIPS
12 JACKSON ST
NEWNAN GEORGIA 30263
(404) 487-0184
FAX: (404) 439-1190
chris@johnnyphillipslaw.com

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

|  |  |
|---|---|
| PRISCILLA HURTADO, | |
| Plaintiff, | CIVIL ACTION |
| vs. | FILE NO.: **20SC-1653-A** |
| WALMART STORES EAST LP d/b/a WALMART SUPERCENTER #5735, JOHN DOE & XYZ CORPORATION, | |
| Defendant. | |

**5.2 CERTIFICATE OF SERVICE OF DISCOVERY**

I HEREBY CERTIFY that I have served a copy of *Plaintiff's Response to Defendant's Admissions to Plaintiff* on the Defendant by depositing same in the United States Mail with sufficient postage affixed thereon to ensure delivery at the following address:

Howard M. Lessinger, Esq.
Chip Beaton, Esq.
McLain & Merritt PC
3445 Peachtree Rd. NE STE 500
Atlanta, GA  30326-1223
Attorney for: Walmart Supercenter #5735

Respectfully submitted this 15th day of April, 2021.

*/s/ Christopher N. Reilly*
CHRISTOPHER N REILLY
State Bar No. 163424
Counsel for the Plaintiff

**LAW OFFICE OF JOHNNY PHILLIPS, P.C.**
12 Jackson Street

EXHIBIT B

Newnan, GA 30263
Phone: (404) 487-0184
Fax: (404) 439-1190
chris@johnnyphillipslaw.com

EXHIBIT B

E-FILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
**20SC-1653-A**
**Judge Leslie Abernathy-Maddox**
APR 22, 2021 11:50 AM

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

PRISCILLA HURTADO,                          Civil Action File No.
                                            20SC-1653-A
            Plaintiff,

v.

WAL-MART STORES EAST, LP,
D/B/A WALMART #5735,
JOHN DOE AND
XYZ CORPORATION,

            Defendants.
_____/

## SECOND AMENDED NOTICE OF TAKING REMOTE
## DEPOSITION OF PRISCILLA HURTADO

YOU ARE HEREBY notified that beginning on the 16th day of June, 2021, commencing

at 10:00 a.m., the remote deposition will be taken of PRISCILLA HURTADO.  Said deposition

will be taken for purposes of discovery and all other purposes provided by law before an officer

duly authorized to administer oaths.  The deposition shall continue from day-to-day until

completion and will be taken upon oral examination pursuant to the provisions of utilizing the

secure web-based deposition option or video teleconferencing (VTC) via ZOOM services offered

by Elizabeth Gallo Court Reporting, LLC or telephonically to provide remote access for the

witness and all parties so they may each participate in the depositions remotely via the internet

and/or telephone.  The deposition will be taken before a court reporter to be provided by

Defendant, which court reporter will also participate remotely via one of the options above for

the purposes of reporting the proceeding, as well as swearing in the deponent.

All parties who wish to participate in the Web Deposition are instructed to contact the

noticing attorney at least five (5) calendar days prior to the depositions to advise that it is their

desire to appear via this remote participating means so that the necessary credentials, call-in

EXHIBIT B

numbers, testing and information, if necessary, can be provided to you prior to the proceedings.

In addition, we also reserve the right to utilize instant visual display technology such that the

court reporter's writing of the proceeding will be displayed simultaneous to their writing of same

on one's laptop, iPad, tablet or other type of display device connected to the court reporter.

McLAIN & MERRITT, P.C.

      /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

EXHIBIT B

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing SECOND AMENDED NOTICE

OF TAKING REMOTE DEPOSITION has this day been filed and served upon opposing

counsel via Peach Court E-File.

This the  22nd day of April, 2021.

McLAIN & MERRITT, P.C.


 /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorney for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

EXHIBIT B

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA

**20SC-1653-A**

**Judge Leslie Abernathy-Maddox**
**JUL 02, 2021 11:10 AM**

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

PRISCILLA HURTADO,                        Civil Action File No.
                                          20SC-1653-A
                Plaintiff,

v.

WAL-MART STORES EAST, LP,
D/B/A WALMART #5735,
JOHN DOE AND
XYZ CORPORATION,

                Defendants.
_____/

## THIRD AMENDED NOTICE OF TAKING REMOTE
## DEPOSITION OF PRISCILLA HURTADO

YOU ARE HEREBY notified that beginning on the 17th day of August, 2021,

commencing at 10:00 a.m., the remote deposition will be taken of PRISCILLA HURTADO.

Said deposition will be taken for purposes of discovery and all other purposes provided by law

before an officer duly authorized to administer oaths.  The deposition shall continue from day-to-

day until completion and will be taken upon oral examination pursuant to the provisions of

utilizing the secure web-based deposition option or video teleconferencing (VTC) via ZOOM

services offered by Elizabeth Gallo Court Reporting, LLC or telephonically to provide remote

access for the witness and all parties so they may each participate in the depositions remotely via

the internet and/or telephone.  The deposition will be taken before a court reporter to be provided

by Defendant, which court reporter will also participate remotely via one of the options above for

the purposes of reporting the proceeding, as well as swearing in the deponent.

All parties who wish to participate in the Web Deposition are instructed to contact the

noticing attorney at least five (5) calendar days prior to the depositions to advise that it is their

desire to appear via this remote participating means so that the necessary credentials, call-in

EXHIBIT B

numbers, testing and information, if necessary, can be provided to you prior to the proceedings. In addition, we also reserve the right to utilize instant visual display technology such that the court reporter's writing of the proceeding will be displayed simultaneous to their writing of same on one's laptop, iPad, tablet or other type of display device connected to the court reporter.

McLAIN & MERRITT, P.C.

   /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing THIRD AMENDED NOTICE OF

TAKING REMOTE DEPOSITION has this day been filed and served upon opposing counsel

via Peach Court E-File.

This the  2nd day of July, 2021.

McLAIN & MERRITT, P.C.

 /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorney for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

EXHIBIT B

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
**20SC-1653-A**
**Judge Leslie Abernathy-Maddox**
**SEP 29, 2021 08:48 AM**

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

PRISCILLA HURTADO,

                Plaintiff,

v.

WAL-MART STORES EAST, LP,
D/B/A WALMART #5735,
JOHN DOE AND
XYZ CORPORATION,

                Defendants.

_____/

Civil Action File No.
20SC-1653-A

## FOURTH AMENDED NOTICE OF TAKING REMOTE DEPOSITION OF PRISCILLA HURTADO

YOU ARE HEREBY notified that beginning on the 2nd day of November, 2021, commencing at 10:00 a.m., the remote deposition will be taken of PRISCILLA HURTADO. Said deposition will be taken for purposes of discovery and all other purposes provided by law before an officer duly authorized to administer oaths.  The deposition shall continue from day-to-day until completion and will be taken upon oral examination pursuant to the provisions of utilizing the secure web-based deposition option or video teleconferencing (VTC) via ZOOM services offered by Elizabeth Gallo Court Reporting, LLC or telephonically to provide remote access for the witness and all parties so they may each participate in the depositions remotely via the internet and/or telephone.  The deposition will be taken before a court reporter to be provided by Defendant, which court reporter will also participate remotely via one of the options above for the purposes of reporting the proceeding, as well as swearing in the deponent.

All parties who wish to participate in the Web Deposition are instructed to contact the noticing attorney at least five (5) calendar days prior to the depositions to advise that it is their desire to appear via this remote participating means so that the necessary credentials, call-in

EXHIBIT B

numbers, testing and information, if necessary, can be provided to you prior to the proceedings.

In addition, we also reserve the right to utilize instant visual display technology such that the

court reporter's writing of the proceeding will be displayed simultaneous to their writing of same

on one's laptop, iPad, tablet or other type of display device connected to the court reporter.

McLAIN & MERRITT, P.C.


   /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing FOURTH AMENDED NOTICE

OF TAKING REMOTE DEPOSITION has this day been filed and served upon opposing

counsel via Peach Court E-File.

This the 29th day of September, 2021.

McLAIN & MERRITT, P.C.


 /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorney for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

EXHIBIT B

E-FILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
**20SC-1653-A**
Judge Leslie Abernathy-Maddox
NOV 05, 2021 11:59 AM

Greg G. Allen, Clerk
Forsyth County, Georgia

IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA

PRISCILLA HURTADO,                          Civil Action File No.
                                            20SC-1653-A
                Plaintiff,

v.

WAL-MART STORES EAST, LP,
D/B/A WALMART #5735,
JOHN DOE AND
XYZ CORPORATION,

                Defendants.
_____/

## FIFTH AMENDED NOTICE OF TAKING REMOTE DEPOSITION OF PRISCILLA HURTADO

YOU ARE HEREBY notified that beginning on the 18th day of January, 2022,

commencing at 10:00 a.m., the remote deposition will be taken of PRISCILLA HURTADO.

Said deposition will be taken for purposes of discovery and all other purposes provided by law

before an officer duly authorized to administer oaths. The deposition shall continue from day-to-

day until completion and will be taken upon oral examination pursuant to the provisions of

utilizing the secure web-based deposition option or video teleconferencing (VTC) via ZOOM

services offered by Elizabeth Gallo Court Reporting, LLC or telephonically to provide remote

access for the witness and all parties so they may each participate in the depositions remotely via

the internet and/or telephone. The deposition will be taken before a court reporter to be provided

by Defendant, which court reporter will also participate remotely via one of the options above for

the purposes of reporting the proceeding, as well as swearing in the deponent.

All parties who wish to participate in the Web Deposition are instructed to contact the

noticing attorney at least five (5) calendar days prior to the depositions to advise that it is their

desire to appear via this remote participating means so that the necessary credentials, call-in

EXHIBIT B

numbers, testing and information, if necessary, can be provided to you prior to the proceedings.

In addition, we also reserve the right to utilize instant visual display technology such that the

court reporter's writing of the proceeding will be displayed simultaneous to their writing of same

on one's laptop, iPad, tablet or other type of display device connected to the court reporter.

McLAIN & MERRITT, P.C.

___/s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorneys for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com

EXHIBIT B

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing FIFTH AMENDED NOTICE OF

TAKING REMOTE DEPOSITION has this day been filed and served upon opposing counsel

via Peach Court E-File.

This the 5th day of November, 2021.

McLAIN & MERRITT, P.C.


 /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorney for Defendant

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
ebeaton@mmatllaw.com